## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | |
|---|---|
| ALLEN R. MORRISON, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 5:22-cv-01021 |
| CASCADE RECEIVABLES MANAGEMENT, LLC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

### COMPLAINT

**NOW COMES** Allen R. Morrison ("Plaintiff"), by and through the undersigned attorneys, complaining as to the conduct of Cascade Receivables Management, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1.      Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, violations of the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. § 392 *et seq.* and a state law cause of action for breach of contract due to Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.      Subject matter jurisdiction is conferred upon this Court by the FDCPA, Reg F, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3.      The Court has supplemental jurisdiction over the state law TDCA claim under 28 U.S.C. §1367.

4.      Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Western District of Texas, Plaintiff resides in the Western District of Texas, and a substantial portion of the events or omissions giving rise to the claims occurred within the Western District of Texas.

PARTIES

5.      Plaintiff is a natural person over 18-years-of-age and is a "consumer" as the term is defined by 15 U.S.C §1692a(3), and is a "person" as defined by 47 U.S.C. §153(39).

6.      Defendant is a third party debt collector with its principal place of business located in Petaluma, California. Defendant's principal business purpose is the collection of defaulted debts owed to others. Defendant engages in collection activities in several different states, including the State of Texas.

FACTS SUPPORTING CAUSES OF ACTION

7.      Prior to the events giving rise to this action, Plaintiff received medical services from Legacy Trails Medical Center, LLC resulting in a balance owed of $1,510.00 ("subject debt").

8.      Sometime thereafter, Defendant obtained the rights to collect the subject debt.

9.      On or around April 15, 2022, Plaintiff had the opportunity to settle the subject debt and placed an outgoing call to Defendant for more information.

10.      During the April 2022 telephone call, Plaintiff and Defendant came to an agreed settlement amount of $1,132.51.

11.      In or around the end of April 2022, Plaintiff completed a payment in the amount of $1,132.51 as agreed to by Defendant, thus alleviating any remaining financial obligations toward the subject debt.

12.     On May 2, 2022, Defendant mailed a letter to Plaintiff detailing that the subject account was satisfied and settled in full for less than the full balance owed.

13.     Initially, Plaintiff was relieved that he had paid off the subject debt and hoped to avoid hearing anything further on the matter.

14.     Unfortunately, in or around July 2022, Plaintiff began receiving telephone calls placed by Defendant to his cellular telephone ending in 9102.

15.     Specifically, Defendant was attempting to collect the remaining balance the subject debt totaling $377.50, which Plaintiff had settled in April 2022 and was later confirmed by Defendant in May 2022.

16.     During the July 2022 telephone call, Plaintiff informed Defendant that the subject was already settled and no other balance was owed.

17.     Defendant provided a variety of excuses as to why they were contacting Plaintiff regarding a balance not owed such as; "Oh you must be stuck in our auto dialer." or "You are right. We see in our system that you have a balance, but you do not owe it. We have it all marked in our system and must have gotten our information crossed"

18.     Despite Defendant admitting that there was no remaining balance owed by Plaintiff, Defendant mailed a collection notice to Plaintiff in August 2022, attempting to collect the remaining $377.50 balance of the subject debt ("Defendant's collection letter")

19.     Plaintiff was perplexed by Defendant's collection letter, as Defendant had outright admitted Plaintiff did not owe the remaining balance on subject debt, yet Defendant continued to try to collect on it.

20.     Plaintiff was becoming increasingly frustrated by Defendant and their failure to conduct a proper investigation into Plaintiff's previous verbal disputes toward the remaining balance of the subject debt.

21.     Plaintiff became extremely worried that there could be negative consequences if he did not pay the subject debt in the amount demanded by Defendant.

22.      Defendant's misleading conduct has severely disrupted Plaintiff's daily life and general well-being as Plaintiff constantly feared serious consequences.

23.     Concerned about the violations of his rights, Plaintiff was forced to seek the assistance of counsel to file this action to prevent Defendant's from further deception in the future, thus incurring costs and expenses.

DAMAGES

24.     Defendant's harassing phone calls and misleading collection tactics have severely disrupted Plaintiff's daily life and general well-being.

25.     Defendant's harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, aggravation, emotional distress, mental anguish, anxiety, and loss of concentration.

26.     Concerned about the violations of his rights and invasion of his privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

27.     Plaintiff restates and realleges paragraphs 1 through 26 as though fully set forth herein.

4

28.     Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

29.     Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of defaulted debts owed to others and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts owed to a third party.

30.     Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

31.     The subject debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

32.     Defendant used the phone and mail to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

33.     Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

34.     Defendant violated 15 U.S.C. §§1692d, e, e(2), e(10), and f through its unlawful debt collection practices on debts that never belonged to Plaintiff.

**a.  Violations of FDCPA § 1692d**

35.     Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by harassingly contacting Plaintiff seeking immediate payment on the subject debt not owed by Plaintiff. Moreover, Defendant continued contacting Plaintiff to collect a debt not owed even after receiving notice that the subject debt was no longer owed.

**b.  Violation of FDCPA § 1692e**

36.     Defendant violated §1692e and e(10) when it used false, misleading, and deceptive means to collect and/or attempt to collect the subject debt from Plaintiff. Even after being apprised

of its unlawful acts, Defendant continued its harassing behavior by contacting Plaintiff repeatedly in a deceptive and misleading attempt to force Plaintiff to ultimately make a payment toward the already settled subject debt, despite notifying Defendant that its communications were not welcome and the subject debt was no longer owed.

37.     Moreover, through its conduct, Defendant misleadingly represented to Plaintiff that it had the right to continue to contact him in an attempt to dragoon a payment on the subject debt not owed.

38.     In addition, Defendant violated §1692e(2) when it falsely misrepresented the character, amount, or legal status of the subject debt. Defendant attempted to collect the subject debt from Plaintiff despite Plaintiff not owing the remaining amount of subject debt after completing a settlement payment in April 2022.

39.     Defendant knew Plaintiff did not have any legal obligation to pay the subject debt. Despite having actual knowledge of this, Defendant attempted to dragoon Plaintiff into paying a debt that was not owed.

**c.  Violations of FDCPA § 1692f**

40.     Defendant violated §1692f when it unfairly and unconscionably attempted to collect on the alleged subject debt by continuously contacting Plaintiff and demanding payment on a balance not legally owed. By placing collection phone calls and mailing collection letters after becoming privy to the fact that its collection efforts were made in error, as the remaining balance of the subject debt was not owed by Plaintiff, is unfair and unconscionable behavior.  These means employed by Defendant only served to worry and confuse Plaintiff.

41.     As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt not owed through incessant harassment means.

42.     Upon information and belief, Defendant systematically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

43.     As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff, ALLEN R. MORRISON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.   Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b.   Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c.   Enjoining Defendant from further communicating with Plaintiff;

d.   Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

e.   Award any other relief as the Honorable Court deems just and proper.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

44.     Plaintiff restates and realleges paragraphs 1 through 43 as though fully set forth herein.

45.      Section 392.302(4) of the Texas Finance Code prohibits a debt collector from causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number. Tex. Fin. Code Ann. § 392.302(4).

46.     Defendant violated Tex. Fin. Code Ann. § 392.302(4) by continuing to place phone calls to Plaintiff despite Plaintiff's remarks indicating that calls were not welcomed and no debt was owed.

47.     Defendant's collection calls were made with the intent to harass Plaintiff and to pressure Plaintiff into making payment on the subject debt, which was no longer owed.

48.     The fact that Defendant placed collection calls to Plaintiff's cellular phone after Plaintiff informed Defendant that its calls were not welcomed and no debt was owed  is illustrative of Defendant's intent to harass Plaintiff.

49.     As pled above, Plaintiff was severely harmed by Defendant's abusive collection practices.

**WHEREFORE**, Plaintiff, ALLEN R. MORRISON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.   Finding that Defendant violated Tex. Fin. Code Ann. §§ 392.302(4);

b.   Enjoining Defendant from further contact with Plaintiff pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c.   Awarding Plaintiff actual damages in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d.   Awarding Plaintiff his reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(b); and

e.   Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF VIOLATIONS BREACH OF CONTRACT

50.     Plaintiff repeats, re-alleges paragraphs 1 through 49 as though fully set forth herein.

51.     Defendant and Plaintiff executed a settlement agreement in or around April 2022 that the subject debt would be settled for $1,132.51.

52.     In or around end of April 2022, Plaintiff completed the settlement payment in full to Defendant thus reliving him of the financial obligations of the subject debt.

53.     Defendant failed to comply with this agreement by contacting Plaintiff for collection of the remaining amount of the subject debt, totaling $377.50, despite the previous settlement agreement and Plaintiff's already completed payment.

54.     As a result of Defendant's breach, Plaintiff has been forced to incur costs to seek formal enforcement of the settlement agreement between him and Defendant, when Defendant could have avoided this action by simply not breaching its agreement with Plaintiff and continuing to hold its obligations with the Plaintiff instead of attempting to collect additional funds that was not owed.

**WHEREFORE**, Plaintiff, ALLEN R. MORRISON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.   Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b.   Award Plaintiff actual damages;

c.   Award Plaintiff punitive damages;

d.   Award Plaintiff injunctive Relief; and

e.   Award any other relief as this Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: September 16, 2022                          Respectfully Submitted,

                                                   */s/ Alexander J. Taylor*
                                                   Alexander J. Taylor, Esq.
                                                   *Counsel for Plaintiff*
                                                   Sulaiman Law Group, Ltd
                                                   2500 S Highland Ave, Suite 200
                                                   Lombard, IL 60148
                                                   Telephone: (630) 575-8181
                                                   ataylor@sulaimanlaw.com